Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 972 | **DATE** | 7/10/2003 |
| **CASE TITLE** | USA vs. David Malik | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Supplement to Memorandum. This Supplement accordingly buttresses what was said in the Memorandum. That reinforcement reconfirms this Court's resolution of the matter as set out there.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 11 2003 date docketed | 36 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL 10 PM 4:52 | 7/10/2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
      v.                       )  No.  02 CR 972
                               )
DAVID MALIK,                   )
                               )
            Defendant.         )

SUPPLEMENT TO MEMORANDUM

After the commencement of the sentencing hearing in this case, on June 27, 2003 this Court deferred the completion of the hearing to today's date to permit counsel and this Court to explore the troublesome problem created by the interaction of two sections of the Criminal Code and two provisions of the Sentencing Guidelines under the circumstances posed by the two-count indictment against David Malik ("Malik"). Although at that time this Court directed the parties' counsel to provide submissions as to the legislative history of 18 U.S.C. §2252A(a)(2)(A)[1] (and perhaps of Section 2252A(a)(5)(B) as well), this Court just as promptly looked into the matter itself--and having done so, it swiftly issued its July 1 memorandum ("Memorandum") to reflect the results of its own search and thus to focus the parties' submissions more sharply on the matter.

It appears that the issuance of the Memorandum may have

---

[1] All further references to Title 18's provisions will simply take the form "Section--."



discommoded the Assistant United States Attorney assigned to the case somewhat, because he had in turn substantially completed his own work (although his submission was not due until July 7) before receiving the Memorandum. Although this Court regrets any added work that may have been occasioned in that respect, the issuance of the Memorandum was far more constructive toward the ultimate goal of imposing a legally sound sentence than if government counsel had first submitted his own memorandum, only to be confronted with the product of this Court's own review on the ultimate sentencing date. Indeed, on July 3 government counsel filed a motion for reconsideration that both reflected his own research and sought to respond to what this Court had said in the Memorandum.

In any event, this supplemental memorandum is intended to reflect one of the instances of serendipity that arise with surprising frequency in the course of a District Judge's work. This Court has just received the current batch of slip opinions from our Court of Appeals that are delivered to chambers on a weekly basis, and one of those opinions bears directly on the issues addressed in the Memorandum in a way that impacts on Malik's sentence. Here is the highly relevant excerpt from United States v. Jefferson, No. 02-3506, 2003 WL 21507733, at *4 (7th Cir. July 2):

> Although we must keep in mind that ambiguity in
> criminal statutes should generally be resolved in favor

2

> of lenity, United States v. Lange, 312 F.3d 263, 266
> (7th Cir. 2002), this maxim must of course yield to the
> paramount consideration--to follow congressional
> intent. Here, our best evidence of congressional
> intent is the legislative history....

That might well have been written for this case. As the Memorandum has indicated, "receives" in Section 2252A(a)(2) is ambiguous: It has the potential for being read in the sweeping fashion urged by the United States, but it also has the potential for being read (like the other term "distributes" with which it is coupled) as targeting conduct that involves trafficking in child pornography (rather than receipt for mere possession). And if congressional intent is indeed "the paramount consideration" in resolving such matters, as Jefferson says, again the best evidence is found in the legislative history--and the memorandum has spelled out in detail why that legislative history flatly negates the breadth of the statutory application to Malik's criminal conduct that is urged by the government.

What the government's submission plainly confirms is that no reported decision has ever troubled itself to learn, as this Court has, just how Section 2252A(a)(2)(A) came to use the term "receives" simpliciter. It is backward reasoning for the United States to point to the Sentencing Guidelines as somehow overriding the congressional purpose in enacting the statute in its present form. Instead, once the puzzle is unlocked by discovery of the reason that the statute reads as it does, the

3

proper Guideline handling follows from the identity of Malik's Count One conduct to that targeted by Section 2252A(a)(5)(B).[2]

This supplement accordingly buttresses what was said in the Memorandum. That reinforcement reconfirms this Court's resolution of the matter as set out there.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 10, 2003

---

[2] Page 8 of the government's memorandum, which argues for the possibility of the knowing possession of child pornography without ever having received it, is extraordinarily strained. Its improbable examples scarcely account rationally for a congressional determination that offenses in the mere possession category should carry a maximum possible sentence of five years, while the Section 2252A(a)(2)(A) offenses carry the potential for a 15-year sentence.

4